# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IRENA WOJCIK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-3198 |
| | § | |
| MEMORIAL HERMANN HEALTH SYSTEM, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Memorial Hermann Health System's ("Memorial Hermann") bill of costs. Dkts. 55, 56. Plaintiff Irena Wojcik has objected to these costs. Dkt. 57. Having reviewed the bill of costs, objections, the record, and the applicable law, the court finds that Wojcik's objections should be SUSTAINED IN PART and OVERRULED IN PART, and awards costs to Memorial Hermann in the amount of $3,000.69.

### I. BACKGROUND

On October 3, 2019, the court granted summary judgment in favor of Memorial Hermann. Dkt. 52. Memorial Hermann seeks to recover $4,429.19 in costs. Dkt. 55. Memorial Hermann seeks $3,087.99 in costs for written deposition transcripts, $1,263.50 in costs for Wojcik's video deposition, and $77.70 for records retrieval from the Texas Workforce Commission. Dkt. 56-1.

Wojcik objects to the entire $4,429.19 of costs on the basis of the "economic disparity" between Wojcik and Memorial Hermann. Dkt. 57 at 3. Wojcik also make certain specific objections. Specifically, Wojcik objects to the entire $1,263.50 for video depositions, arguing that Memorial Hermann did not explain why it was necessary to record her deposition on video. *Id.* at 4. Wojcik

further objects to $165.00 in administrative charges associated with the written transcript of her deposition. *Id.* at 5. Memorial Hermann has not responded to Wojcik's objections.

## II. LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Absent objections, the clerk may tax the costs fourteen days after the prevailing party notifies the clerk of its costs. *Id.* Under 28 U.S.C. § 1920, the judge or clerk may tax the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under [28 U.S.C. § 1923];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920. A district court may not award costs omitted from the list. *Cook Children's Med. Ctr. v. New Eng. PPO Plan*, 491 F.3d 266, 274 (5th Cir. 2007). Rule 54(d) "authorizes the district court to deny the award." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). However, the Fifth Circuit "has held that 'the prevailing party is prima facie entitled to costs,' and has described the denial of costs as 'in the nature of a penalty.'" *Id.* (quoting *Schwarz*, 767 F.2d at 131). Accordingly, "the general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court

2

'may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so.'" *Id.* (quoting *Schwarz*, 767 F.2d at 131).

"If the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed." *Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2011) (Lake, J.) (citing *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997)). "However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case." *Id.* (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)).

### III. ANALYSIS

#### A. There Is No "Economic Disparity" Exception to Rule 54(d)

Wojcik asks this court to "exercise its discretion, and decline to tax costs" because "Wojcik is only one woman and Defendant is a huge company that had $5.06 **billion** in operating revenue in 2017." Dkt. 57 at 3 (emphasis in original). The Fifth Circuit has held that "reducing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law." *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 320 (5th Cir. 2013). Accordingly, the court does not have discretion to deny Memorial Hermann's costs simply because an economic disparity exists between Wojcik and Memorial Hermann.[1] Therefore, Wojcik's

---

[1] Wojcik also argues that "[a]ge discrimination is a matter of public importance" and that an "award of costs against Plaintiff would have a chilling effect on future age discrimination cases." Dkt. 57 at 2–3. However, Wojcik's objections show that these are simply iterations of Wojcik's economic disparity argument. *See id.* at 3 ("How willing to sue will a 60-something victim of age discrimination be if she knows she might get stuck with a $4,000, $6,000, or even higher bill at the end of her case if she loses?").

objection to the entirety of Memorial Hermann's costs on the grounds of economic disparity is OVERRULED.

**B.    Memorial Hermann Has Not Shown the Necessity of Wojcik's Video Deposition**

Wojcik argues that "Defendant can show no necessity" for deposition video, in addition to the costs for a printed transcript. Dkt. 57 at 4. Although video deposition costs are recoverable under 28 U.S.C. § 1920, "once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case." *Baisden*, 793 F. Supp. 2d at 973. Memorial Hermann's memorandum in support of its bill of costs merely states that "Defendant necessarily incurred those costs identified in its Bill of Costs." Dkt. 56 at 2. Memorial Hermann did not respond to Wojcik's objections.

In *Baisden*, the court award video deposition costs where "the only depositions that were videotaped were the depositions of witnesses whose live attendance at trial was uncertain or witnesses whose credibility was sharply disputed." 793 F. Supp. 2d at 977–78. Here, the video deposition being taxed was a deposition of Wojcik herself. Dkt. 56-1 at 9. Memorial Hermann has not argued that Wojcik was unlikely to attend trial, or that her credibility was disputed. Indeed, Memorial Hermann has not offered any reason at all—beyond its conclusory assertion of necessity—why this video deposition was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Accordingly, the Court SUSTAINS Wojcik's objections to the $1,263.50 cost of her video deposition.

**C.    Memorial Hermann Has Not Shown Necessity of Incidental Transcript Charges**

Wojcik argues that Memorial Hermann has not shown why the charges for condensed transcript ($16.00), handling fee ($45.00), witness read & sign letter ($20.00), or wait time ($84.00)

associated with her printed deposition transcript were necessary. Dkt. 57 at 5–6. Wojcik does not dispute the necessity of the $1,282.60 cost for the deposition transcript itself (Dkt. 56-1 at 4), only these additional, incidental charges. Dkt. 57 at 5–6. Because Memorial Hermann has not addressed these charges specifically or offered any reason at all—beyond its conclusory assertion of necessity—why these charges were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), the Court SUSTAINS Wojcik's objections to the $165.00 cost for these incidental charges.

### IV. CONCLUSION

For the reasons stated above, the court OVERRULES Wojcik's objections to the entirety of Memorial Hermann's costs, but SUSTAINS Wojcik's specific objections to the $1,263.50 cost for her video deposition, and the $165.00 cost for incidental charges related to her printed deposition transcript. Accordingly, the court awards costs to Memorial Hermann in the amount of $3,000.69.

Signed in Houston, Texas on November 8, 2019.

_____
Gray H. Miller
Senior United States District Judge